Vickie WILSON, et al., Plaintiffs,

v.

David WEBB, et al., Defendants.

Civ. A. No. C94–0045–BG(H).

United States District Court,
W.D. Kentucky,
at Bowling Green.

Dec. 1, 1994.

Dale J. Golden, Rudloff, Golden & Evans, Bowling Green, KY, for plaintiffs.

Michael A. Owsley, Regina Abrams, English, Lucas, Priest & Owsley, Bowling Green, KY, for David–Webb.

John G. Prather, Somerset, KY and Gary S. Logsdon, Brownsville, KY, for Tony Luttrell.

## MEMORANDUM AND ORDER

HEYBURN, District Judge.

This case is before the Court on Defendant Tony Luttrell's motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs, two female students at Edmonson County High School brought a Section 1983 action, alleging that Luttrell, a teacher at the school, sexually harassed and molested them on school premises and that Defendant David Webb, Superintendent of the Edmonson County School System, was aware of and condoned the actions. Both Plaintiffs relate specific incidents of Luttrell's sexually abusive conduct toward them.

■ Dismissal for failure to state a claim for which relief can be granted is proper when the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Jones v. City of Carlisle, Ky.,* 3 F.3d 945, 947 (6th Cir.1993). All factual allegations in the complaint are deemed true and any ambiguities must be resolved in the plaintiff's favor. *Jackson v. Richards Medical Co.,* 961 F.2d 575, 577 (6th Cir.1992).

First, Luttrell asserts that the conduct alleged is purely private and unrelated to public office. Then he argues that the liberty interests protected by the Constitution are somehow limited to those which involve undue restraint, such as false arrest, undue force, or infliction of corporal punishment. He suggests that *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), places real limits on the scope of constitutional protection outside these areas. The Sixth Circuit has not had occasion to address directly these issues.

Assuming the facts alleged are true, the Court concludes that Plaintiffs have stated a valid claim. Schoolchildren have a liberty interest in their bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment and physical sexual abuse by a school employee violates that right. Two circuits have already reached this conclusion and the Court has no doubt that the list would be longer if more courts were called upon to consider the issue. *Doe v. Taylor Independent School Dist.,* 15 F.3d 443, 451–52 (5th Cir.1994); *Stoneking v. Bradford Area School Dist.,* 882 F.2d 720, 727 (3rd Cir.1989).

For many reasons, the analysis in *DeShaney* is not applicable here. The principal issue in *DeShaney* and in other similar cases concerned whether the state had an affirmative duty to stop admittedly private conduct. The question was whether the state action or inaction was intertwined with the private action. In *DeShaney,* the Supreme Court found the connection between the state and abusive parent to be too attenuated. Here the state and its teachers share a unique responsibility for students during school hours. Teachers have a special relationship with students by virtue of their authority, their status as role models and disciplinarians, and their unfettered power to affect many aspects of a student's life.

The allegations here are not merely unadorned private acts; rather they are acts clothed in public authority and stature. They are acts that took place on school grounds, during school hours, and within the context of the unique teacher-student relationship. They are abusive acts. Accordingly, Plaintiffs may bring a Section 1983 action against Luttrell for his derogation of their substantive due process rights.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Luttrell's motion to dismiss is DENIED.